ALITO, Circuit Judge,
concurring in the judgment:
I reluctantly concur in the judgment of the court. Under In re Continental Airlines, 91 F.3d 553 (3d Cir.1996) (en banc), cert. denied sub nom. Bank of N.Y. v. Continental Airlines, 519 U.S. 1057, 117 S.Ct. 686, 136 L.Ed.2d 610 (1997), I am afraid that we must affirm the decision of the District Court holding that the appeal is equitably moot. The District Court applied the standard adopted in Continental Airlines, and although the District Court’s decision is debatable, it did not commit an abuse of discretion.
In reaching this conclusion, I am primarily influenced by the appellants’ failure to seek a stay. It is disturbing that Zenith, in a seeming attempt to moot any appeal prior to fifing, succeeded in implementing most of the plan before the appellants even received notice that the plan had been confirmed. However, the plan was not entirely consummated when the appellants finally learned of the bankruptcy court’s order. Most notably, the exchange of the old for the new bonds had still not been carried out. If the appellants had promptly applied for a stay, with or without posting a bond, when they finally got word of what the bankruptcy court had done, I would view this appeal differently. But the appellants never applied *192 for a stay and have not provided an adequate explanation for their failure to do so. Under these circumstances, I cannot say that the decision of the district court was an abuse of discretion.
For the reasons explained in my dissent in Continental Airlines, see 91 F.3d at 567-73, however, I continue to disagree with the expansive version of the equitable mootness doctrine that our court adopted in that case, as well as with the abuse-of-discretion standard of review. See id. at 568 n. 4 (Alito, J., dissenting). As this case shows, our court’s equitable mootness doctrine can easily be used as a weapon to prevent any appellate review of bankruptcy court orders confirming reorganization plans. It thus places far too much power in the hands of bankruptcy judges.